862 F.2d 317
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl E. WRIGHT, Plaintiff-Appellant,
v.
T.R. YOUNG, Warden; P.J. Campbell, Chief Medical Officer;
Ernie Bristol, Hospital Administrator; Chris,
first name unknown, Food Service
Administrator, Defendants-Appellees.
 No. 88-5413.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1988.
 
 Before LIVELY, DAVID A. NELSON, and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se federal prisoner appeals the judgment in favor of defendants in his civil rights action filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Wright sued the warden, physician, hospital administrator, and dietician at F.C.I. Memphis, alleging that he had not received the low fat diet prescribed for his hiatal hernia between November 11, 1984 and December 9, 1984. Further, he stated that some of the subsequent diet meals were tampered with by adding onion and pepper; he also objected to being served on paper plates. After holding a hearing, the district court judge entered judgment for the defendants.
 
 
 3
 Upon consideration, we conclude that plaintiff did not state a claim under the eighth amendment against these defendants. He did not establish deliberate indifference to his medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Complaints about the quality or preparation of food are far removed from eighth amendment concerns. Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir.1977). Furthermore, plaintiff did not show that the named defendants actively participated in or authorized the acts complained of; therefore they cannot be held liable. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). We also conclude that the production of the allegedly missing medical records in this case would not correct the above deficiencies in plaintiff's case. Finally, we find no abuse of discretion in the district court's denial of appointed counsel. See Henry v. City of Detroit Manpower Dep't., 763 F.2d 757, 760 (6th Cir.) (en banc), cert. denied, 474 U.S. 1036 (1985).
 
 
 4
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.